SEYFARTH SHAW LLP
Michele J. Beilke (SBN 194098)
mbeilke@seyfarth.com
Julia Y. Trankiem (SBN 228666)
jtrankiem@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

SEYFARTH SHAW LLP
Jeffrey A. Nordlander (SBN 308929)
jnordlander@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814
Telephone:    (916) 448-0159
Facsimile:    (916) 558-4839

Attorneys for Defendants
Stryker Corporation and Stryker Employment
Company, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Quinn Thyssen, an individual,<br><br>   Plaintiff,<br><br>  v.<br><br>Stryker Corporation, a Michigan company; Stryker Employment Company, LLC, a Michigan company, Ryan Norman, an individual; and Does 1-10, inclusive,<br><br><br>   Defendants. | Case No. 2:25-cv-09075-PA-MAR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date: July 20, 2026<br>Time: 1:30 p.m.<br>Judge: Percy Anderson<br>Ctrm.: 9A<br><br>[Removed from Los Angeles County Superior Court, Case No. 25STCV26404]<br><br>Complaint Filed: September 9, 2025 |

326624998v.1

TO THE HONORABLE COURT AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 20, 2026, at 1:30 p.m., in Courtroom 9A, of the United States District Court for the Central District of California, located at 350 W 1st Street, Suite 4311, Los Angeles, CA, 90012, Defendants Stryker Corporation and Stryker Employment Company, LLC, ("Defendants" or "Stryker") will move, and hereby do move, for summary judgment under Federal Rule of Civil Procedure 56 and Central District Local Rule 56-1 or, in the alternative, summary adjudication ("Motion").

1.     For summary judgment on Plaintiff Quinn Thyssen's ("Thyssen") Complaint in its entirety, including the following causes of action: (1) harassment in violation of the California Fair Employment and Housing Act (the "FEHA"), (2), discrimination in violation of the FEHA, (3) retaliation in violation of the FEHA, (4) failure to prevent harassment, discrimination, or retaliation in violation of the FEHA, (5) whistleblower retaliation in violation of Labor Code § 1102.5, and (6) wrongful constructive discharge in violation of public policy. Specifically, Stryker requests an Order for summary judgment in favor of Stryker and against Thyssen on the grounds that the Complaint has no merit and that there is no triable issue of material fact as to Stryker.

2.     Alternatively, if for any reason summary judgment cannot be had, for an Order adjudicating that the following issues in this action are established without substantial controversy as against Thyssen, that no further proof thereof shall be required at the trial of this action, and that final judgment on this action shall, in addition to any matters determined at trial, be based upon the issues as so established:

**Issue One:** Thyssen's First Cause of Action for harassment in violation of the FEHA fails as a matter of law because the alleged conduct was not severe or pervasive, is not tied to Plaintiff's sexual orientation, and consists primarily of non-actionable personnel management decisions.

**Issue Two:** Thyssen's Second Cause of Action for discrimination in violation of the FEHA fails as a matter of law because (1) he cannot establish a prima facie case; (2)

326624998v.1

Stryker had legitimate, non-discriminatory reasons for all challenged actions; and (3) there is no substantial evidence of pretext.

**Issue Three**: Thyssen's Third Cause of Action for retaliation in violation of the FEHA fails as a matter of law because(1) he cannot establish a prima facie case; (2) Stryker had legitimate, non-retaliatory reasons for its actions; and (3) there is no evidence those reasons were pretextual.

**Issue Four**: Thyssen's Fourth Cause of Action for failure to prevent harassment, discrimination, or retaliation in violation of the FEHA fails as a matter of law because (1) no underlying FEHA violation occurred, and (2) Stryker exercised reasonable care to prevent and address workplace misconduct.

**Issue Five**: Thyssen's Fifth Cause Of Action for whistleblower retaliation in violation of Labor Code § 1102.5 fails as a matter of law (1) Plaintiff cannot show he engaged in protected activity known to any decisionmaker, and (2) Stryker would have taken the same actions for legitimate, independent reason.

**Issue Six**: Thyssen's Sixth Cause of Action for wrongful termination in violation of public policy fails as a matter of law because he cannot establish any violation of public policy or objectively intolerable working conditions.

**Issue Seven (Punitive Damages)**: Thyssen is not entitled to punitive damages because there is no evidence that any officer, director, or managing agent of Stryker engaged in, authorized, or ratified conduct with malice, oppression, or fraud.

This Motion is based on this Notice; the accompanying Memorandum of Points and Authorities; the accompanying Statement of Uncontroverted Facts and Conclusions of Law; [Proposed] Judgment; the Declaration of Jeffrey A. Nordlander and its exhibits; the Declarations, including exhibits, of Ryan Norman, John Bowenkamp, Chelsea Guy, Beth Ross, Doug Clarke, and Cory Giddings, all pleadings and papers on file; and any further evidence or argument presented at the hearing.

DEFS.' NOTICE OF MOTION FOR SUMMARY JUDGMENT

326624998v.1

## **Certification of Meet and Confer**

Under Local Rule 7-1 and this Court's Standing Order, the Parties met and conferred by video conference about the issues raised herein, and the parties are at an impasse on what Stryker views as to the legal and factual deficiencies in Plaintiff's claims, necessitating this Motion.

DATED: June 19, 2026                    SEYFARTH SHAW LLP

By: */s/ Jeffrey A. Nordlander*
  Michele J. Beilke
  Julia Y. Trankiem
  Jeffrey A. Nordlander

  Attorneys for Defendants
  Stryker Corporation and Stryker Employment
  Company, LLC

DEFS.' NOTICE OF MOTION FOR SUMMARY JUDGMENT

326624998v.1