Arick Fudali, Esq. (296364)
Alan Goldstein, Esq. (296430)
Mary Fitilchyan, Esq. (342292)
**THE BLOOM FIRM**
26565 Agoura Road, Suite 200
Calabasas, California 91302
Telephone: (818) 914-7320
Facsimile:  (818) 884-8079
Email:  arick@thebloomfirm.com
            avi@thebloomfirm.com
            mary@thebloomfirm.com
Attorneys for Plaintiff Quinn Thyssen

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Quinn Thyssen, an individual, | Case No. 2:25-cv-09075 PA-MAR |
| Plaintiffs, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF NON-OPPOSITION** |
| vs. | |
| Stryker Corporation, a Michigan company; Stryker Employment Company, LLC, a Michigan company; and Does 1-10, inclusive, | Date: July 20, 2026<br>Time: 1:30 p.m.<br>Judge: Percy Anderson<br>Courtroom: 9A |
| Defendants. | Complaint filed September 9, 2025 |
| | Trial Date: September 22, 2026 |

## I. INTRODUCTION

Plaintiff submits this Response in opposition to Defendants' Notice of Non-Opposition. Plaintiff respectfully requests, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), that the Court deem Plaintiff's concurrently filed Opposition to Defendants' Motion for Summary Judgment timely filed notwithstanding its filing seven days after the applicable deadline.

Federal Rule of Civil Procedure 6(b)(1)(B) expressly authorizes the Court, upon a showing of excusable neglect, to extend a filing deadline after it has expired. Moreover, both the Federal Rules and controlling case law reflect a strong preference for resolving motions for summary judgment on their merits rather than through procedural default. As discussed below, the circumstances surrounding Plaintiff's delayed filing satisfy Rule 6(b)(1)(B), and the interests of justice strongly favor permitting the Court to consider Plaintiff's concurrently filed Opposition.

The primary cause of the late filing was an inadvertent calendaring error by Plaintiff's counsel because of a misreading of the Local Rules regarding the deadline to file the Opposition. The Opposition deadline was June 29, 2026. Counsel did not realize the error until July 6, 2026, after the deadline had passed and Defendants filed their Notice of Non-Opposition on that same date – the date their Reply brief is due. Upon discovering the mistake, Plaintiff's counsel immediately completed the Opposition and supporting papers and prepared this Response so that the Court may consider the matter on its merits. The error was inadvertent, made in good faith, and was not the result of any intent to delay these proceedings or disregard the Court's rules. Plaintiff has not previously committed any such errors in this action. Moreover, Plaintiff has previously accommodated Defendants by stipulating to extensions of time for written discovery and

Plaintiff's Response to Notice of Non-Opposition    *Quinn Thyssen  v. Stryker Corporation, et al.*
Case No. 2:25-cv-09075 PA- MAR

-1-

depositions, demonstrating Plaintiff's good-faith efforts to litigate this case cooperatively. Defendants will suffer no meaningful prejudice if the Court considers Plaintiff's concurrently filed Opposition. If the Court believes additional time is warranted, there remains sufficient time to continue the hearing on Defendants' Motion for Summary Judgment and provide Defendants with a corresponding extension of their reply deadline without affecting the current trial date of September 22, 2026, or otherwise disrupting the Court's scheduling order.

This is Plaintiff's first request for an extension and/or a continuance with respect to a filing and/or hearing date (to the extent this Court deems a continuance to the July 20, 2026, hearing necessary).

## II. THE COURT SHOULD CONSIDER PLAINTIFF'S CONCURRENTLY FILED OPPOSITION

### A. Federal Rule of Civil Procedure 6 Authorizes the Court to Extend an Expired Filing Deadline Upon a Showing of Excusable Neglect

Federal Rule of Civil Procedure 6(b)(1)(B) authorizes the Court, for good cause, to extend a deadline after it has expired where the failure to act resulted from excusable neglect.

In determining whether excusable neglect exists, courts consider all relevant circumstances, including: (1) prejudice to the opposing party; (2) the length of the delay and its impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Plaintiff satisfies the Rule 6(b) standard.

First, Defendants will suffer no meaningful prejudice if the Opposition is considered. Plaintiff is filing the Opposition seven days after the deadline. Any potential prejudice can readily be cured by extending Defendants' reply deadline by a corresponding period and, if necessary, continuing the hearing.

---

Plaintiff's Response to Notice of Non-Opposition    *Quinn Thyssen v. Stryker Corporation, et al.*
Case No. 2:25-cv-09075 PA- MAR

-2-

Second, the delay is relatively brief and will not materially disrupt these proceedings.

Third, the delay resulted from counsel's efforts to adequately address an extensive factual and evidentiary record rather than from bad faith or intentional disregard of the Court's deadlines. Moreover, because Defendants seek dispositive relief that would terminate Plaintiff's claims, the strong federal policy favoring decisions on the merits further supports permitting the Court to consider Plaintiff's Opposition.

Granting Plaintiff leave to file his concurrently filed Opposition is consistent with both the Federal Rules of Civil Procedure and this Court's Local Rules, which require summary judgment motions to be decided on their merits rather than by procedural default. Local Rule 7-12 expressly provides that "a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition." Likewise, Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party has established its entitlement to judgment as a matter of law ("The court shall grant summary judgment  if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"), regardless of whether an opposition has been filed.

## B. Controlling Authority Favor Deciding Summary Judgment Motions on Their Merits Rather Than by Procedural Default

Courts have long recognized that summary judgment cannot be granted merely because the opposing party failed to file a timely opposition.

As the court explained in *Thatcher v. Lucky Stores, Inc.,* 79 Cal.App.4th 108 (2000), while a trial court may consider a party's procedural defaults, "this provision does not authorize [granting summary judgment] without first determining that the moving party has met its initial burden of proof." *Id.*, at 1086.

Plaintiff's Response to Notice of Non-Opposition    *Quinn Thyssen  v. Stryker Corporation, et al.*
Case No. 2:25-cv-09075 PA- MAR

*Thatcher* further held that a local rule authorizing summary judgment based solely on the absence of opposition conflicted with the governing statute because it permitted judgment without first determining that the moving party had carried its burden. *Id.* at 1087.

Similarly, in *Denton v. City and County of San Francisco*, 16 Cal.App.5th 779, 793-794 (2017), the court observed that granting summary judgment solely because of a procedural failure is tantamount to a terminating sanction, which is disfavored absent willful misconduct or a history of abuse of the litigation process.

Defendants' reliance on *Heinemann v. Satterberg* 731 F.3d 914 (9th Cir. 2013) is misplaced. In fact, *Heinemann* supports Plaintiff's request. Although Defendants cite *Heinemann* for the proposition that, in the absence of an opposition, a court may consider certain facts undisputed, they omit the Ninth Circuit's central holding — that Federal Rule of Civil Procedure 56 "prohibits a district court from granting a motion for summary judgment by default based upon a local court rule when an opposing party fails to respond." *Id.*, at 915. The court further explained that the 2010 amendments to Rule 56 require district courts to determine whether "the motion and supporting materials" establish that the moving party is entitled to judgment as a matter of law, and that the Advisory Committee Notes expressly prohibit summary judgment "by default even if there is a complete failure to respond to the motion." *Id.* at 917. Thus, while a court may deem certain facts undisputed when no opposition is filed, it must still independently determine whether those facts entitle the moving party to judgment as a matter of law. *Id.* at 917-18. Plaintiff's concurrently filed Opposition simply provides the Court with the benefit of a complete factual and legal record in making the merits determination that *Heinemann* requires.

Plaintiff's Response to Notice of Non-Opposition    *Quinn Thyssen  v. Stryker Corporation, et al.*
Case No. 2:25-cv-09075 PA- MAR

-4-

Here, Plaintiff's delay resulted from an inadvertent calendaring error, not bad faith or willful disregard of the Court's rules. Under these circumstances, permitting the Court to consider Plaintiff's Opposition will further the strong policy favoring decisions on the merits, provide the Court with the benefit of a complete factual and legal record, and cause no meaningful prejudice to Defendants, particularly if the Court affords Defendants a corresponding extension to file their reply.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Notice of Non-Opposition, deem Plaintiff's concurrently filed Opposition to Defendants' Motion for Summary Judgment timely filed pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), and consider Plaintiff's Opposition in ruling on Defendants' Motion for Summary Judgment.

Dated: July 06, 2026

Respectfully Submitted,

/s/ Alan Goldstein
Arick Fudali, Esq.
Alan Goldstein, Esq.
Mary Fitilchyan, Esq.
THE BLOOM FIRM
Attorneys for Plaintiff

Plaintiff's Response to Notice of Non-Opposition    *Quinn Thyssen v. Stryker Corporation, et al.*
Case No. 2:25-cv-09075 PA- MAR

-5-